Dennis Kurz
Kurz Law Group, PLLC
1936 N. Druid Hills Rd., NE
Suite 100B
Atlanta, GA 30319
dennis@kurzlawgroup.com
Attorneys for Plaintiff,
CATHERINE & JOHN KLOTZ

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | : | |
|---|---|---|
| CATHERINE KLOTZ | : | |
| and JOHN KLOTZ, | : | |
| Plaintiffs, | : | Civil Case No.: |
| vs. | : | |
| GC SERVICES, LP | : | |
| Defendant. | : | |
| | : | |

**VERIFIED COMPLAINT**

Plaintiffs, CATHERINE KLOTZ and JOHN KLOTZ (Plaintiffs), through their attorneys, allege the following against Defendant, GC SERVICES, LP. (Defendant):

**INTRODUCTION**

1. Count I of Plaintiffs' Complaint is based on the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. 1692, *et seq*.

**PARTIES**

2. Plaintiffs are each a natural person residing in Warren, New Jersey.

3. Defendant is a national debt collection corporation with a business office located in Houston, Texas.

4. Plaintiffs are each a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiffs allegedly owe a debt as that term is defined by 15 U.S.C. 1692a(5).

5. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiff.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION AND VENUE

7. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

8. Defendant conducts business in the State of New Jersey, and therefore, personal jurisdiction is established.

9. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## FACTUAL ALLEGATIONS

10. In or around September of 2013, Defendant placed collection calls to Plaintiffs seeking and demanding payment for an alleged consumer debt.

11. Plaintiffs' alleged debt owed arises from transactions for personal, family, and household purposes.

12. Defendant called Plaintiffs' telephone numbers at (732) 356-02XX and (732) 586-54XX.

13. In or around September of 2013, Defendant called Plaintiffs and left a voicemail message on Plaintiffs' answering machine.

14. In the voicemail message, Defendant failed to meaningfully disclose the company's name, failed to disclose the nature of the call, and failed to state that the call was from a debt collector.

15. In the voicemail message, Defendant directed Plaintiffs to return the call to telephone number 800-926-3136 x3002, which is a number that belongs to Defendant. *See* Exhibit A.

16. Defendant is using false, deceptive and misleading means in connection with attempting to collect a debt by not identifying the purpose of its phone calls or that they are an attempt to collect a debt.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

17. Defendant violated the FDCPA based on the following:

    a. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiffs;

    b. Defendant violated §1692d(6) of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity;

    c. Defendant violated §1692e of the FDCPA by using false, deceptive or misleading representation with the collection of the debt.

    d. Defendant violated §1692e(10 of the FDCPA by using false

    e. Defendant violated §1692e(11) of the FDCPA by failing to disclose that the call was from a debt collector.

Wherefore, Plaintiffs, CATHERINE KLOTZ and JOHN KLOTZ, respectfully requests judgment be entered against GC SERVICES, LP for the following:

18. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k.

19. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k.

20. Any other relief that this Honorable Court deems appropriate.

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

Pursuant to Local Rule 11.2, I certify that this matter in controversy is not the subject of any other action pending in any court, arbitration, or administrative proceeding.

DATED:  February 25, 2014     KURZ LAW GROUP, PLLC

By:  /s/ Dennis Kurz

Dennis Kurz
Attorney for Plaintiffs,
CATHERINE KLOTZ AND JOHN KLOTZ